## CALIFORNIA FRUIT GROWERS EXCHANGE et al. v. GONSKA et al.
### Civil Action No. 4352.

District Court, N. D. Illinois, E. D.

July 8, 1943.

Lyon & Lyon, of Los Angeles, Cal., and Rogers, Woodson & Rogers, of Chicago, Ill., for plaintiffs.

George M. Crane and Thomas E. Kluczynski, both of Chicago, Ill., for defendants.

SULLIVAN, District Judge.

This cause came on for trial and the Court having heard the evidence and rendered its decision, now makes its Findings of Fact and Conclusions of Law pursuant to Rule 52 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, as follows:

### Findings of Fact.

1. Plaintiff, California Fruit Growers Exchange, is a non-profit, cooperative marketing association incorporated under the laws of the State of California, with its principal place of business at Los Angeles, California, and is engaged primarily in marketing, distributing and selling citrus fruits, including oranges, lemons and grapefruit, throughout the United States and in foreign countries.

2. Plaintiff, California Packing Corporation, is a New York corporation, with its principal place of business at San Francisco, California, and is engaged in the selection, preparing, packing and marketing of canned and dried fruits and vegetables, including raisins, canned grapes, canned blackberries, pineapple juice and tomato juice, throughout the United States and in foreign countries.

3. Plaintiff, California Fruit Growers Exchange, has employed the trade-mark Sunkist since 1907 and has sold approximately One Billion Five Hundred Million Dollars ($1,500,000,000) worth of goods bearing such trade-mark, and has expended more than Thirty-Five Million Dollars ($35,000,000) in advertising the same.

4. Certificates of registration for the trade-mark Sunkist have been issued by the United States Patent Office to plaintiff, California Fruit Growers Exchange, for oranges, lemons, citrus fruits, oils and acids, pectin, citrus-flavored non-alcoholic maltless beverages as soft drinks and concentrates for making the latter, all as set out in the complaint in this action.

5. Plaintiff, California Packing Corporation, has employed the trade-mark Sun-Kist since 1907 and has sold in excess of Thirty-Five Million Dollars ($35,000,-000) worth of goods bearing said trademark, and has expended in excess of Three Hundred Thousand Dollars ($300,000) in advertising the same.

6. Certificates of registration for the trade-mark Sun-Kist have been issued by the United States Patent Office to plaintiff, California Packing Corporation, for canned and dried fruits and vegetables, milk, butter, walnuts, catsup, pickles, olive oil, jams, jellies, olives, coffee, tea, beans, pineapple juice, grape juice, tomato juice and various other products, all as set out in the complaint in this action.

7. The joint and concurrent use of the trade-marks Sunkist and Sun-Kist by both

plaintiffs has eventuated under and by virtue of an agreement between them whereby each has granted the other the right to employ the mark on the goods aforesaid.

8. The defendants, Irene Gonska and Joe Grossman, are residents of Chicago, Illinois, and are engaged in the business of bottling and selling wine, such as muscatel, blackberry, port and sherry wine, under the firm name and style of "Sun-Kist Wine Company", in and about Chicago, Illinois, and elsewhere in Interstate Commerce.

Each bottle of the wine sold by the defendants carries a label bearing the name "Sun-Kist Wine Company". On some of the bottles the words "Sun-Kist Wine" in larger letters, accompanied by the word "Company" in smaller letters immediately below, are blown into one side of the bottles. In such bottles the letters "S-K" surrounded by a sunburst appear below the word "Company".

The name "Sun-Kist Wine Company" appears upon a sign on the exterior of the place of business of the defendants and upon their stationery and invoices and upon the doors of the trucks operated by them. The business cards employed by the defendants bear the name "Sun-Kist" in large letters followed by the words "Wine Company" in smaller letters.

9. Plaintiffs' and defendants' goods are sold in the same channels and may be consumed together.

10. Defendants have endeavored to appropriate and capitalize upon the trade-marks Sunkist and Sun-Kist of plaintiffs.

11. The use of the word "Sun-Kist" by the defendants is likely to cause confusion or mistake in the minds of the public and to deceive purchasers. Bottled wine belongs to the same general class of merchandise as the fruit and vegetable juices marketed by plaintiffs. Defendants' wine bearing the word "Sun-Kist" as used by defendants would naturally or reasonably be supposed to come from plaintiffs.

12. The trade-marks Sunkist and Sun-Kist are purely fanciful in character and to the public in general have acquired a secondary significance of being related to and associated with plaintiffs' products only.

13. The goods sold by plaintiffs under the trade-marks Sunkist and Sun-Kist and the wine marketed by defendants bearing the name "Sun-Kist Wine Company" are goods of substantially the same descriptive properties.

14. By using the plaintiffs' trade-mark "Sun-Kist" in defendants' trade-name, the defendants have competed unfairly with plaintiffs and have been guilty of unfair trade practice.

## Conclusions of Law

I. The trade-marks Sunkist and Sun-Kist are good and valid trade-marks and the certificates of registration thereof issued by the United States Patent Office are the property of plaintiffs.

II. Defendants have infringed upon the registered trade-marks Sunkist and Sun-Kist owned by plaintiffs by use of the trade-name "Sun-Kist Wine Company".

III. Defendants have competed unfairly with plaintiffs, and defendants have been guilty of unfair trade practices, in employing the word "Sun-Kist" in defendants' trade-name and in affixing the word "Sun-Kist" to the bottles containing the wine sold by defendants.

IV. Defendants have not distinguished this action from the ruling of the Circuit Court of Appeals for this circuit in California Fruit Growers Exchange and California Packing Corporation v. Windsor Beverages, Ltd., et al., 7 Cir., reported in 118 F.2d 149.

V. Plaintiffs are entitled to the relief prayed for in their complaint.