46 CCPA (Patents)

**PINK LADY CORPORATION, Appellant,**

v.

**L. N. RENAULT & SONS, INC.,**
**Appellee.**

**Patent Appeals No. 6438.**

United States Court of Customs and Patent Appeals.
April 22, 1959.

Herbert J. Jacobi, Washington, D. C., for appellant.

1. Reg. No. 379,760 issued to a predecessor on July 23, 1940.

2. Reg. No. 381,642 issued to a predecessor on October 1, 1940.

No brief filed and no oral argument on behalf of appellee.

Before WORLEY, Acting Chief Judge, and RICH, MARTIN, and JOHNSON (retired), Judges.

MARTIN, Judge.

This is an appeal from the decision of the Commissioner of Patents, acting through the Assistant Commissioner, affirming the decision of the Examiner of Interferences, and dismissing the opposition brought by appellant, the Pink Lady Corporation, against a trademark application of L. N. Renault & Sons, Inc., seeking to register the mark "Pink Lady" accompanied by the picture of a woman, for wines. Appellee has not made an appearance nor filed a brief. The opposer is the registrant of the word mark "Pink Lady" for "fruit juices for food purposes,"[1] for "packaged grapefruit juices for beverage purposes,"[2] and for "Texas citrus fruit * * * and canned orange and grapefruit juices for food purposes."[3]

The record itself contains nothing but the pleadings, applicant's mark, one of its labels and several of opposer's registrations, together with its label. Under these circumstances, it is incumbent upon this court to determine the degree of protection which the law affords the registrant.

The sole issue presented is, as stated by the Assistant Commissioner, " * * * whether or not purchasers familiar with opposer's 'Pink Lady' citrus fruits and juices are likely, upon seeing 'Pink Lady' wine, to associate the latter with the former and to attribute common source to the products."

The Assistant Commissioner stated that:

"There is nothing in the record which suggests that purchasers would be likely to associate wine

3. Reg. No. 553,386 issued January 15, 1952.

with citrus fruits and juices, or to assume that such products marked 'Pink Lady' came from the same producer.

"The record fails to show any facts which would support a finding that purchasers are likely to be confused between 'Pink Lady' citrus fruits and juices and 'Pink Lady' wine."

■ From this statement we gather that the Assistant Commissioner's decision is predicated upon the premise that opposer had the burden of proving by evidence in addition to its registration its claim of likelihood of confusion among purchasers. While we agree that an opposer has the burden of proving likelihood of confusion, this burden does not necessarily require the submission of evidence other than the registration.

■ There is no question but that the opposer is the prior user and that the marks are similar, even though opposer uses only the words "Pink Lady" and applicant, besides these words, includes a lady dressed in Victorian attire. It is well settled that words and the symbols identified thereby will be given the same significance in determining the likelihood of confusion between two marks. Weyenberg Shoe Manufacturing Co. v. Hood Rubber Co., 49 F.2d 1046, 18 CCPA 1449; In re Maclin-Zimmer-McGill Tobacco Co., Inc., 49 App.D.C. 181, 262 F. 635. See also In re Riverbank Canning Company, 95 F.2d 327, 25 CCPA 1028, 1030, and cases there cited. Accordingly, the marks in issue are so similar as to lead to confusion of prospective purchasers, if applied to the same goods.

It does not seem unreasonable to assume that citrus fruit juices and wines are likely to be sold in the same stores over the same counters to the same prospective purchasers. Appellant has cited a number of cases which stand for the proposition that wines and fruit juices are goods of the "same descriptive properties" and might be sold in the same channels of trade.[4] The Assistant Commissioner held that these cases were not controlling, inter alia, because the statute no longer requires a finding that the goods of the parties to an opposition proceeding be of the same "descriptive properties," as a prerequisite to a finding of likelihood of confusion.

■ Although the "same descriptive properties" requirement has been removed, such a finding is not prohibited by the statute and is pertinent to the issue if it aids the court in determining the likelihood of confusion of prospective purchasers. For, as this court said in Fred W. Amand Co. v. American Character Doll Co., 223 F.2d 277, 280, 42 CCPA 983:

"Under the Trade-Mark Act of 1946 [15 U.S.C.A. § 1051 et seq.] the ultimate test is the likelihood of confusion or mistake or deception of purchasers; the requirement that goods be of the same descriptive properties has been omitted; this does not mean that the similarity or dissimilarity of the descriptive properties of the goods is no longer a factor to be considered; it should be considered in every case of this type since it is logically a factor of considerable importance to be given much weight in reaching the ultimate conclusion as to whether or not there is likelihood of confusion, mistake, or deception of purchasers."

■ There can be no doubt, if opposer's and applicant's products are sold in the same stores, that purchaser confusion is likely, and section 2 of the Trade Mark Act of 1946 states that no trademark should be registered if it is "* * * *likely, when applied to the goods of the applicant, to cause confusion or mistake or to deceive purchasers* * * *." (Emphasis added.) (15 U.S. C. § 1052, 15 U.S.C.A. § 1052)

4. Reid, Murdock & Co. v. Monarch Wine Co., Inc., 46 U.S.P.Q. 278, Com'r.Dec.; California Fruit Growers Exchange v. Gonska dba Sun-Kist Wine Company, 55 F.Supp. 499; see also Ex parte The Grapette Company, Inc., 91 U.S.P.Q. 63, Com'r.Dec.

In view of the foregoing, we are of the opinion that appellee's mark should not be registered. Therefore, the decision of the Assistant Commissioner is reversed.

Reversed.