50 CCPA

**SHUNK MANUFACTURING COMPANY,**
Appellant,

v.

**TARRANT MANUFACTURING COMPANY, Appellee.**

Patent Appeal No. 6896.

United States Court of Customs and Patent Appeals.

June 10, 1963.

Frank M. Slough and J. H. Slough, Cleveland, Ohio, for appellant.

Luther W. Hawley, New York City, for appellee.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH, and ALMOND, Judges.

ALMOND, Judge,

Appellant, Shunk Manufacturing Company, filed a trademark application[1] to register a figure, designated as a Scotsman, as a trademark for heavy duty equipment, such as graders and other ground working machines, blades therefor, sand spreaders, etc. The trademark sought to be registered is as follows:

Use beginning in or about September 1957 is asserted.

Appellee, Tarrant Manufacturing Company, registrant of "SCOTCHMAN"[2] for motor driven mechanical apparatus for spreading flake, chip, and granular material on highways, land, and water, filed notice of opposition.

Appellee's word mark is illustrated as follows:

The grounds of appellee's opposition, as alleged, were, in material substance, that it is engaged in the manufacture and selling of equipment for maintenance work on streets and highways; that it has used the trademark

1. Serial No. 46,765, filed February 27, 1958.

2. Registration No. 606,074, dated May 17, 1954.

"SCOTCHMAN" on its equipment long prior to the year 1957; that appellant's caricature of a Scotsman would be generally viewed as the equivalent of appellee's word mark; that the goods "sand spreaders" are substantially identical with appellee's goods, and are sold through the same channels of trade to the same customers; that for many years prior to 1957 appellee had used a picture of a Scotchman in conjunction with its word mark in its advertising literature of the "SCOTCHMAN" spreader and that the figure or picture had been associated in the minds of the purchasing public with the spreader as identifying appellee's goods and that in view of the close association of the Scotch figure with the name "SCOTCHMAN," the use by appellant of its figure would be likely to cause confusion, mistake and deception of purchasers as to the origin of the goods.

Both parties took testimony relating to the use of the respective marks through the process of advertisement, the application to their products and the class of purchasers to whom they supplied the goods advertised and sold. Appellant's witnesses testified that no actual confusion of purchasers had ever been brought to their attention.

There is no issue of priority. Appellee's prior use of its mark is apparently conceded.

The sole issue is whether or not appellant's mark so resembles appellee's mark "SCOTCHMAN" as to be likely to cause confusion etc. when these marks are applied to the respective products of the parties. 15 U.S.C. 1052(d).

We have carefully examined the record in the light of the findings of the board. The board found that appellee manufactures and sells equipment for highway and street construction and maintenance and that since 1947 it has used the mark "SCOTCHMAN" on a mechanism, mounted on a dump truck, which spreads rock salt on highways for ice control thereon. The board further found that appellee had, since 1948, continuously used in conjunction with its mark a picture representation of a Scotchman, sometimes identified as "Tarco Mac-Tavish," in various advertising material distributed to the trade.

The board also found that the appellant was engaged primarily in the manufacture and sale of blades or cutting edges for earth moving equipment; that in 1955 it adopted and began using in advertisements the Scotsman figure which it seeks to register; that this figure was occasionally identified in advertising material as "Sandy McShunk"; that in 1957 appellants began applying the mark to a hopper-type spreader for salt, sand, and cinders and that the spreader can be either mounted on a dump truck or made a composite part of the truck.

In our judgment, the record fairly supports the factual findings of the board.

■ The products here involved to which the respective marks of the parties are applied are spreaders designed and used to spread material on highways. The fact that one is mounted on the tailgate of a truck and the other attached to the frame at the rear of the truck and that they are not in the same price class does not materially affect their similarity of character and function.

Appellant contends that the board was in error in not considering each and every item of merchandise listed in its application for registration.

The record discloses that the marks of the parties are used on spreaders, thus pointing up not only identity of product but also identity of purpose.

■ On reconsideration, the board properly held that where there is likelihood of confusion as to any of the goods listed in the application, it is not necessary to rule on other goods listed therein.

The essence of the matter before us is that appellee's mark "SCOTCHMAN" has been extensively advertised and

known to the purchasing public as well as used as a trademark for spreaders since 1947. The figure, identified as "Tarco MacTavish," representative of a Scotchman, has been widely disseminated through advertising media to promote sales continuously since 1948.

Appellant adduced testimony relating to the conception of its figure, identified in its advertising material as Sandy McShunk, laying especial emphasis on distinguishing characteristics as related to "Tarco MacTavish." While perceptible differences in sharpness of lines, facial expression and dress are manifest, nevertheless, both figures portray Scotchmen wearing kilts and tam, both have the same connotation; both were designed and are used to identify the manufacturers of closely related products for a similar use, and by the same class of purchasers.

■ It may well be conceded that the public or semi-public officials representing governmental entities belong to the category of discriminating buyers, as asserted by appellant, yet, in view of the closely related similarities and connotations hereinabove noted, augmented by the undisputed fact that the purchasers of appellee's products were familiar with the word mark "SCOTCHMAN" since 1947 and the figure in association therewith since 1948, we are inclined to the view that the marks under consideration do not present that distinction in appearance and meaning sufficient to obviate the likelihood that purchasers of the class here disclosed would be confused or deceived into believing that the goods emanated from the same source.

■ Appellant points out the testimony of record supporting the absence of confusion in the concurrent use of the respective marks. It is well settled that where marks have been concurrently used for a considerable time without any evidence of confusion, such fact is not conclusive on the issue of *likelihood* of confusion but is a factor which may properly be accorded some weight in determining the issue presented. Smith v. Tobacco By-Products & Chemical Corporation, 243 F.2d 188, 44 CCPA 880.

We have before us, in opposing array, a picture and a word used in conjunction with a picture. Both have the same meaning, viz.: a Scotchman and all that the term implies. In Pink Lady Corporation v. L. N. Renault & Sons, Inc., 265 F.2d 951, 46 CCPA 865, this court said:

"* * * It is well settled that words and the symbols identified thereby will be given the same significance in determining the likelihood of confusion between two marks. Weyenberg Shoe Manufacturing Co. v. Hood Rubber Co., 49 F.2d 1046, 18 CCPA 1449; In re Maclin-Zimmer-McGill Tobacco Co., Inc., 49 App.D.C. 181, 262 F. 635. See also In re Riverbank Canning Company, 95 F.2d 327, 25 CCPA 1028, 1030, and cases there cited."

Appellant contends that "Scotch" marks are "inherently 'weak' marks and consumers of all classes are quite accustomed to distinguishing between them." In this connection we are constrained to agree with the statement of the board that:

"Since it is held that the marks are legal equivalents and are for use on substantially identical goods, it becomes unnecessary to discuss with any particularity applicant's further contentions that opposer's 'SCOTCHMAN' is a 'weak mark,' entitled to a limited scope of protection * * *."

■ We have examined the cases cited by appellant. We do not find them persuasive in our resolution of the issue before us. As this court has often said, prior decisions in trademark cases afford meager assistance in our determination of issues subsequently arising. Each case must be decided on its own distinctive facts.

Holding that confusion of purchasers would be likely to occur, we affirm the decision of the Trademark Trial and Appeal Board.

Affirmed.