51 CCPA

**The POLYMER CORPORATION, Appellant,**

**v.**

**DAYCO CORPORATION, by change of name from the Dayton Rubber Company, Appellee.**

**Patent Appeal No. 7048.**

United States Court of Customs and Patent Appeals.

Dec. 12, 1963.

William P. Cole, Philadelphia, Pa. (Andrew R. Klein, Synnestvedt & Lechner, Philadelphia, Pa., of counsel), for appellant.

Reuben Wolk, Dayton, Ohio, for appellee.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH and ALMOND, Judges.

WORLEY, Chief Judge.

Dayco Corporation seeks registration of "NYLAFLEX" as a trademark for a vacuum and hot air hose[1], first used in 1959. Polymer Corporation opposes[2] on its prior use and 1955 registration[3] of "NYLAFLOW" on "synthetic resin tubing."

It appears that Polymer manufactures and sells industrial plastics as well as products made of plastic, including nylon pressure tubing and hose which are flexible, resistant to abrasion and impact, and possess other characteristics apparently desirable for industrial use. Polymer tubing and hose are sold through distributors and manufacturers' representatives in the textile machinery, printing, and publishing fields; in wood, leather, and plastics industries; metal working and other industrial fields.

The record shows that the Dayco hose is of a low pressure flexible type composed of an insulated metal spiral, a vinyl inner sleeve, a nylon textile sleeve,

---

1. Application Serial No. 75,548, filed June 11, 1959.

2. The opposition was dismissed by the Trademark Trial and Appeal Board, 134 USPQ 582.

3. Registration No. 617,475, issued December 13, 1955.

and an outer vinyl sleeve. Dayco hose is sold primarily to original manufacturers in the appliance industry for use in household and swimming pool vacuum cleaners. It is advertised in some of the same trade journals used by Polymer wherein it is promoted for use as flexible piping, venting and ductwork for industrial, transportation, and residential purposes. The board cited the following excerpt from one of Dayco's advertisements:

> "Presently used on household vacuum cleaners and swimming pool systems, Nylaflex has possible Air Conditioning, Refrigeration, Washing Machine, Clothes Dryer, Hair Dryer, and Industrial Vacuum Applications as well. Can be made in many diameters and lengths to meet your specifications."

After reviewing the testimony of the three witnesses and evaluating the various exhibits, the Trademark Trial and Appeal Board stated:

> "While applicants 'NYLAFLEX' product is a low pressure hose whereas opposer's 'NYLAFLOW' products comprise essentially high pressure tubing and hose, it appears from the record that they have been advertised in a number of the same trade journals, and that, under certain conditions, they may both be adaptable for use in or in connection with the same commercial equipment. Under such circumstances, the marketing of these products under the same or similar marks is likely to cause purchasers to attribute a common origin thereto."

In our opinion the record fairly supports that finding, but we are unable to agree with the following conclusion of the board:

> "Turning to a consideration of the marks in question 'NYLAFLEX' and 'NYLAFLOW,' both comprise the prefix 'NLYA' followed by the words

'FLEX' and 'FLOW,' respectively, which possess obvious suggestive connotations as applied to the respective goods of the parties. Considering, however, that 'NYLA' suggests that the products of the parties consist of or comprise a nylon material and that this significance would be recognized by purchasers of such products; that 'NYLA' has been frequently adopted as a portion of trademarks by producers and/or merchants of a wide variety of products, including goods related to those involved herein; and that 'FLEX' and 'FLOW' are well known terms having distinctly different meanings, it is concluded that the differences between the marks 'NYLAFLEX' and 'NYLAFLOW' when considered in their entireties are sufficient to obviate any likelihood of confusion, mistake or deception of purchasers."

True it is that both "NYLAFLEX" and "NYLAFLOW" possess obvious suggestive connotations, but we do not think it necessarily follows that the respective suffixes are sufficiently different in *meaning, when applied to the instant goods,* to preclude a likelihood of confusion. Aside from the suggestive connotations common to the marks, they bear a remarkably close physical resemblance,[4] with the first six of the eight letters in each mark identical.

While we appreciate Dayco's argument regarding the specific differences in the goods, coupled with its contention that the purchasers are discriminating, we are not convinced that those considerations are sufficient to preclude a likelihood of confusion. In any event, it is well established that doubt is to be resolved against the newcomer which in this case is Dayco. United States Time Corp. v. Tennenbaum, 267 F.2d 327, 46 CCPA 895.

The decision is reversed.

Reversed.

---

4. We are aware that the "Flow" in the Nylaflow registration is in script, but according to the exhibits it is also used in block form.