51 CCPA

**CORAL CHEMICAL COMPANY,**
Appellant,

v.

**H. D. T. COMPANY FACTORS, Inc.,**
Appellee.

**Patent Appeal No. 7207.**

United States Court of Customs
and Patent Appeals.

June 11, 1964.

---

William E. Schuyler, Jr., Washington, D. C. (Francis C. Browne, Andrew B. Beveridge, Joseph A. DeGrandi, Washington, D. C., of counsel), for appellee.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH, and ALMOND, Judges.

WORLEY, Chief Judge.

Coral Chemical Company appeals from the decision of the Trademark Trial and Appeal Board, 136 USPQ 315, sustaining an opposition to its application [1] for registration of "CORAL" as a trademark for rust removing compounds, vehicle washing compounds, steam cleaning compounds, power spray washer compounds, etc.

The opposition was brought by H. D. T. Company Factors, Inc., registrant of "BLUE CORAL" for polish in liquid and paste form for automobiles and all lacquer, lacquered, varnished, or baked enamel finishes and all other hard surfaces; [2] and for automobile cleaning and polishing service; [3] of "BLUE CORAL" in association with a design for a polish for automobiles and lacquered, varnished, or baked enamel finishes; [4] and of "BLUE CORAL SEALER" for a nonclouding polish preservative for protecting polished wood, leather, and metal surfaces.[5]

Opposer took no testimony but relied on its registrations.

The applicant submitted evidence in the form of depositions of two witnesses and accompanying exhibits. The board found as follows:

"Applicant and its predecessor have, since March 1953, used "CORAL" as a trademark for, principally, a line of commercial and industrial cleaning and maintenance compounds. Sales have risen from $71,-000 in 1953 to $944,000 in 1961,

Hill and Hill, Roy W. Hill, John W. Hill, William A. Smith, Jr., Washington, D. C., for appellant.

1. Serial No. 79,226, filed August 10, 1959.

2. Reg. No. 562,745, issued August 12, 1952 to a predecessor.

3. Reg. No. 566,138, issued October 28, 1952.

4. Reg. No. 295,850, issued on July 12, 1952 to a predecessor; renewed.

5. Reg. No. 384,438, issued January 21, 1941 to a predecessor; renewed.

totaling approximately $3,800,000 for that entire period. Applicant's products are sold in large containers to large volume users, and its business is conducted on a personal basis through company salesmen. Among the products sold by applicant are cleaning compounds for use in washing buses, planes, trains and automobiles."

As was noted by the board, opposer's priority is established by its registrations.

In deciding there was a likelihood of confusion in the present case, the board stated:

" * * * Here this applicant sells its vehicle washing compounds to large volume users who wash cars. It is customary to wash a car before polishing it. Thus, an automobile dealer who renders a car polishing service may well be a prospective customer for the goods of both parties. There is here the prospect of identical channels of trade and identical customers.

* * * * * *

" * * * Under the circumstances here, the difference between the marks, as applied to a car wash and a car polish, is not believed sufficient to obviate a likelihood of confusion."

Applicant urges that the board erred in not giving proper weight to the decision of this court in H. D. T. Company Factors, Inc. v. Sinclair, 288 F.2d 947, 48 CCPA 924. There the court affirmed the decision of the Trademark Trial and Appeal Board dismissing an opposition to the registration of "CORAL" as a trademark for "a household liquid synthetic detergent," which opposition was brought by the same opposer here on the basis of the same registrations relied on here.[6] The detergent was sold in retail grocery stores and supermarkets and was intended primarily for washing dishes although it was also recommended for washing automobiles and certain textiles. In ruling that the use of "CORAL" there was not likely to cause confusion or mistake or deceive purchasers, the court made note of the differences in the goods and in the marketing practices of the parties. One judge concurred with the majority on the basis of the differences between the marks themselves.

The fact that, in the present case, applicant makes and sells products specifically intended for automobiles and sells its vehicle washing compounds to large volume users who wash cars makes it clear that Sinclair, with its different factual situation, clearly is not authority for dismissal of the present opposition.

■■ Applicant emphasizes that the opposer here did not take testimony and refers specifically to the absence of evidence of actual confusion. Of course, an opposer relying on registrations on the principal register is not under any compulsion to take testimony because such registrations are presumed to be valid and entitled to Section 7(b) presumptions,[7] and are taken at face value. See Contour Chair Lounge Co., Inc. v. Englander Co., Inc., 324 F.2d 186, 51 CCPA ——. Moreover, the issue in an opposition is likelihood of confusion and the absence of proof of actual confusion in the record is not determinative of that issue but is only a factor which may be accorded some weight. Shunk Manufacturing Co. v. Tarrant Manufacturing Co., 318 F.2d 328, 50 CCPA 1325.

■■■ Consideration of the marks as a whole, the similarities in opposer's automobile polish and cleaning and polishing services, and applicant's vehicle

---

6. See the decision of the Trademark Trial and Appeal Board in that case reported at 123 USPQ 57.

7. Section 7(b) of the Lanham Act reads:
   "A certificate of registration of a mark upon the principal register provided by this Act shall be prima facie evidence of the validity of the registration, registrant's ownership of the mark, and of registrant's exclusive right to use the mark in commerce in connection with the goods or services specified in the certificate, subject to any conditions and limitations stated herein."

washing compounds in light of the channels of trade and similarities of the marks themselves does not satisfy us a likelihood of confusion is precluded. Moreover, what doubt there might be on the question of likelihood of confusion must be resolved against the newcomer. United States Time Corp. v. Tennebaum, 267 F.2d 327, 46 CCPA 895. We thus find no reversible error in the board's decision.

The decision is affirmed.

Affirmed.