**CHAUSSURES BALLY SOCIETE ANON-YME de FABRICATION, Appellant,**

v.

**DIAL SHOE COMPANY, Inc., Appellee.**

**Patent Appeal No. 7375.**

United States Court of Customs
and Patent Appeals.

May 20, 1965.

Rich and Smith, JJ., dissented.

Michael S. Striker, New York City, for appellant.

Allen J. Levin, for appellee.

Before RICH, Acting Chief Judge, and MARTIN, SMITH and ALMOND, Judges.

ALMOND, Judge.

Chaussures Bally Societe Anonyme de Fabrication, hereinafter appellant, appeals from the decision of the Trademark Trial and Appeal Board dismissing its opposition[1] to application[2] to register LA VALLI for women's shoes filed by Dial Shoe Company, Inc., hereinafter appellee.

Appellant alleges that appellee's mark, LA VALLI, so resembles its previously adopted and registered mark BALLY for boots, shoes, sandals, moccasins, and bath slippers[3] as to be likely, when applied to appellee's goods, to cause confusion or mistake or to deceive.

The facts were stipulated by the parties in lieu of testimony.

Appellant is a Swiss corporation and has continuously sold its products in the United States under the mark BALLY since 1923. Its sales outlets are department stores, shoe stores, and specialty stores. The dollar volume of imported BALLY shoes since 1956 approximated $17,500,000, the average yearly volume being in excess of $2,500,000. The goods under appellant's mark are advertised in such magazines as the "New Yorker" and "Retailing" and newspapers at an annual cost of about $40,000.

Both marks appear in script and the goods of the parties comprise shoes, including women's shoes.

The parties are in agreement that the only question for determination here is, as stated by the board, whether or not LA VALLI so resembles BALLY as to be likely to cause confusion.

Appellant points out that the portion "LA" of LA VALLI[4] is the well known

---

1. No. 42,043 filed July 23, 1962.

2. Serial No. 124,259 filed July 19, 1961.

3. Reg. No. 232,197, September 6, 1927, renewed September 6, 1947.

4. The application alleges that the English translation of LA VALLI is "the valley."

French and Italian definite article meaning "the." From this premise appellant argues that inasmuch as this definite article is so "well known in the clothing and fashion industry and by fashion conscious women who have become familiar with certain French and Italian expressions used extensively in this field," it cannot be given any weight in resolving the question of whether or not the marks are confusingly similar.

Appellant's position is untenable. We cannot dissect and set aside any portion of a mark and eliminate it from consideration in judging the matter of similarity or dissimilarity of competing marks. We must consider the marks in their entireties and endeavor to assess their impact as so used in trade and as they appear to the purchasing public.

So viewing the marks in issue, we find no reversible error in the conclusion reached by the board that:

> "Considering * * * the marks 'LA VALLI' and 'BALLY' in their entireties, it is our opinion that they do not look alike, they do not engender the same connotation or suggestion, and while there is some resemblance between these marks in sound, it is not of such nature as to be likely to cause confusion, mistake or deception."

The decision of the board is affirmed.

Affirmed.

WORLEY, Chief Judge, did not sit in the hearing in this case but by agreement of counsel, participated in the decision thereof.

RICH, Judge (dissenting).

I consider confusion at least likely, even probable. Most people would recognize "La" as the feminine definite article and, I think, attach little trademark significance to it. The Italian word for valley is "valle." The French word for valley is vallée (f) or vallon (m). "Valli" in Italian is the plural of "valle" and the plural definite article would be "le." "La valli" lacks meaning in English, Italian, or French. "Bally" has not been shown to have any meaning either, other than its trademark significance as indicating the origin of shoes. We are therefore dealing with two arbitrary marks, not recognizable words of the language.

Due to the similarity in sound and general aural impression—including the impression on the sound-memory center of the brain where names are remembered, or *partially* remembered—it seems probable to me that prospective purchasers who have heard something good about *Bally* shoes might readily be deceived by a salesperson desiring to sell la *Valli* shoes or otherwise confused into buying *Valli* shoes on a hazy recollection of the reputation of *Bally* shoes.

I see no justification for bolstering up the proprietary rights in a mark, by registration, which inexcusably approaches so closely to *Bally*.

There is no question about opposer's priority and the goods are identical. In "considering the marks in their entireties" it seems to me that the majority and the board must have set them side-by-side and contemplated their visual differences, forgetting that confusion is caused in many cases by the frailty of human memory, not eyesight.

After writing the above, I discovered the board's interesting unanimous opinion in Chaussures Bally Societe Anonyme v. Fritzi of California, Inc., 144 USPQ 609, wherein the same opposer prevailed in opposing the registration of "VALLI" for various items of women's apparel, not including footwear. The board said:

> "Applicant's 'VALLI' and opposer's 'BALLY' are virtually indistinguishable in sound and similarity in this factor alone is sufficient to support a finding of a likelihood of confusion * * *." [Cases cited.]

The board felt "VALLI" was sufficiently different from "LA VALLI" not to be bound by its prior decision (this case below). Considering that here the goods are the *same* and that in the "VALLI" case they differed, I think the board exercised better judgment in the Fritzi case than it did here.

I would reverse.

SMITH, Judge (dissenting).

The admittedly subjective nature of the consideration we must give to the marks BALLY and LA VALLI, when applied to identical goods, surrounds resolution of the issue with considerable doubt. Visually, the marks are sufficiently different that confusion on that basis would not be likely. But there is more here than mere visual dissimilarity. The words sound alike, and both are arbitrary terms as applied to women's shoes. The mark BALLY was an established mark in this field when appellee entered the market. Under these circumstances, I would resolve doubt against the newcomer, see Polymer Corp. v. Dayco Corp., 324 F.2d 1019, 51 CCPA 794, and Coral Chemical Co. v. H. D. T. Co. Factors, 332 F.2d 841, 51 CCPA 1413, and would reverse the decision of the Trademark Trial and Appeal Board.