53 CCPA

**HUNT FOODS AND INDUSTRIES, INC.,**
Appellant,

v.

**ANDERSON, CLAYTON AND COMPANY,** Appellee.

Patent Appeal No. 7502.

United States Court of Customs
and Patent Appeals.

Dec. 2, 1965.

Delbert A. Thomas, Fullerton, Cal., for appellant.

Edward G. Fenwick, Jr., Washington, D. C., for appellee.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH, and ALMOND, Judges.

MARTIN, Judge.

Hunt Foods and Industries, Inc. (Hunt) appeals from a decision of the Trademark Trial and Appeal Board (141 U.S.P.Q. 947) which sustained an opposition [1] to Hunt's application [2] to regis-

---

1. Opposition No. 42,252.

2. Application No. 143,960, filed May 7, 1962, alleging first use on February 7, 1957 by a subsidiary, Wesson Oil & Snowdrift Sales Co., of a predecessor in interest (by merger), Wesson Oil & Snowdrift Co., Inc.

ter "BEEM" as a mark for hydrogenated vegetable oil shortening.

The Anderson, Clayton and Company (Anderson) opposed on the basis of its prior registration[3] of "GLEAM" as a mark for vegetable oil shortening. Only applicant-appellant Hunt took testimony, and it is acknowledged by both parties that opposer Anderson was long prior in use of its registered mark "GLEAM." Thus the only issue is that of likelihood of confusion between the registered mark and that sought to be registered when applied to the respective goods.

"BEEM" is presently applied to identify a kosher shortening used by commercial bakers for baking sweet doughs and breads. Anderson's shortening marked "GLEAM" is an all-purpose, non-kosher shortening sold to commercial bakers for cakes, icings and baked sweet goods. There is testimony that the shortening presently marked "BEEM" has "about three times the emulsifier that would be in a product such as Gleam," thus leading to a fresher, softer product. Both goods are sold in bulk quantities, to the same type of customers through the same channels of trade.

Appellant contends first that the goods are not identical. Although both shortenings are used in baking and are sold to bakers, one is a kosher specialty shortening, the other an all-purpose shortening. So the argument goes, the bakers are "especially discriminating purchasers" and "must always cautiously ascertain and obtain certification that the shortening used in their bakery goods is kosher." An additional point is made that the discrimination is sharpened by the relative expense of bulk goods, as sold in 50–400 lb. lots.

While appellant's argument could apply to bakers only when baking kosher goods, the thrust of that argument is completely blunted by the fact that appellant is seeking registration for "BEEM" as a mark broadly for "HYDROGENATED VEGETABLE OIL SHORTENING." It is the goods listed in the application for registration which in legal contemplation are the goods of appellant, and they are legally identical to the goods of opposer-appellee, Anderson.

Appellant also argues that the goods have been sold in substantial quantities for over six years in the same trade channels without any evidence of any confusion in the trade being produced by Anderson. While appellant recognizes that evidence of actual confusion is not essential, it fails to recognize that absence of proof of actual confusion is not proof of no likelihood of confusion. See American Drill Bushing Co. v. Rockwell Mfg. Co., 342 F.2d 1019, 52 CCPA 1173.

While appellant argues that "BEEM" has no meaning, being arbitrary, and is not identical to "GLEAM," considered apart from the design attributes of its label,[4] we find no reversible error in the board's holding that there is a likelihood of confusion *as to the source* of the goods due to the overall similarity of sound, meaning and appearance of the marks. That the methods of sale may, in part, be direct, rather than over the telephone, is not convincing of a different result. For the foregoing reasons the decision of the board sustaining the opposition is affirmed.

Affirmed.

WORLEY, C. J., dissents.

---

3. Reg. No. 422,222 issued July 9, 1946, use since September 24, 1945 being alleged, which opposer acquired (assignment recorded) from Interstate Cotton Oil Refining Co., by change of name from Mrs. Tucker's Foods, Inc.

4. The word "BEEM" alone, not "BEEM" in association with a "seraph" design on the label, is the mark sought to be registered.