58 CCPA

**Application of FISHER SCIENTIFIC COMPANY.**

**Patent Appeal No. 8528.**

United States Court of Customs and Patent Appeals.

April 22, 1971.

John M. Webb, Pittsburgh, Pa., attorney of record, for appellant. Spencer B. Michael, Washington, D. C., of counsel.

S. Wm. Cochran, Washington, D. C., for the Commissioner of Patents. Jack E. Armore, Washington, D. C., and Richard Gruelle Cole, Arlington, Va., of counsel.

Before RICH, ALMOND, BALDWIN and LANE, Judges.

ALMOND, Judge.

This is an appeal from the decision of the Trademark Trial and Appeal Board, abstracted at 159 USPQ 795, affirming the examiner's refusal to allow appellant's application to register the mark "PolyPac" for "corrugated cartons for shipping containers of liquid chemical reagents and from which the reagents may be dispensed,"[1] because of likelihood of confusion with the registered trademark "POLLY PAK" for refrigerator bags and ties.[2]

The board found, and appellant admits, that the marks in issue are "phonetic and hence legal equivalents." Appellant's contention below, and in essence here, is that there is no likelihood of confusion because:

Applicant's products are sold to industrial and research laboratories, whereas the goods sold under the reference trademark are apparently commercial items. Applicant's products are purchased with considerable care by highly skilled individuals, whereas the products which are sold under the reference registration are undoubtedly inexpensive products purchased casually by a completely different type of consumer.

In response thereto, the board stated that it found difficulty with this argument in that:

* * * refrigerator bags and ties therefor might well have utility in research laboratories as well as in homes and commercial establishments; and, since the registration in question contains no restrictions in this regard, the goods thereof must here be considered as comprising refrigerator bags for any and all purposes.

The board concluded that considering registrant's goods in this light:

* * * there is a sufficient relationship between them and applicant's goods as would be likely to cause confusion were they to be sold under the marks here involved.

Appellant argues that the tribunals below relied on speculation and conjecture in associating the goods of the respective parties to buttress the conclusion that the marks are confusingly similar. However, we agree with the solicitor that it is a matter of widely extant common practice for companies in the container field to manufacture and distribute the goods of appellant, which are corrugated containers, and the goods of the registrant, which are plastic bags. The goods in both instances are containers, and it is not uncommon for such goods to have a common source. We do not think it was any stretch of the imagination for the examiner to observe that "the goods of the applicant and the registrant appear to be in the same channels of trade."

Appellant asserts that by reason of the fact that purchasers of its goods are normally considered "discriminating" purchasers, there would not be a likelihood of their assuming a common source for the goods. The basis for appellant's assumption is that such persons would know that the respective goods are not normally manufactured by the same company. In this connection we find merit in the response of the solicitor that "the technical person would exercise his discriminating judgment, if at all, with regard to the chemical contents of the bottle or bag

1. Application serial No. 239,889 filed March 1, 1966, alleging first use since December 1959.

2. Reg.No.601,794 issued Februry 8, 1955.

in the corrugated carton, not as to the carton *per se.*" It is noted that appellant seeks registration of the mark "PolyPac" for the carton alone and not for cartons containing chemicals.

While the goods of the parties may not be identical, they are related within the same field. The fact that at this time the parties may not be actually selling the same goods is not controlling. Within the orbit of a reasonable expansion, the registrant could at any time enlarge his product line to include the containers of appellant. It is well settled that a registrant is entitled to do so and still maintain protection and use of his trademark. American Drill Bushing Co. v. Rockwell Mfg. Co., 342 F.2d 1019, 52 CCPA 1173 (1965); Magnavox Co. v. Multivox Corp. of America, 341 F.2d 139, 52 CCPA 1025 (1965).

We find no restriction as to use and coverage in the cited registration for "POLLY PAK." The bags covered thereby may well have uses in the area of chemical products which are packaged and stored or kept under refrigeration. The goods are identified simply as "refrigerator bags and bag ties." The conclusion is inescapable that they may be used in home service or adapted to industrial use for the refrigeration of chemicals. There is no justification for the imposition of a restriction limiting coverage of registrant's mark to household use or for storing foods. Meyer Chemical Co. v. Anahist Co., Inc., 263 F.2d 344, 46 CCPA 784 (1959).

We have considered the cases cited and relied on by appellant and the arguments advanced in support of its contentions. We are not, however, persuaded that the Trademark Trial and Appeal Board committed reversible error in its refusal of registration of appellant's mark "PolyPac."

The decision of the board is affirmed.

Affirmed.