**CONTINENTAL SCALE CORPORATION,**
Appellant,

v.

**WEIGHT WATCHERS INTERNATIONAL, INC., Appellee.**

**Patent Appeal No. 75–526.**

United States Court of Customs and Patent Appeals.

June 30, 1975.

---

Fred L. Witherspoon, Jr., Washington, D. C., Richard L. Johnston, Johnston, Keil, Thompson & Shurtleff, Chicago, Ill., attorneys of record, for appellant.

Patricia Hatry, Davis, Gilbert, Levine & Schwartz, New York City, attorney of record, for appellee.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Judges.

RICH, Judge.

This appeal is from the decision of the Patent and Trademark Office Trademark Trial and Appeal Board, 183 USPQ 314 (1974), dismissing appellant's petition to cancel appellee's registration No. 840,874, issued Dec. 19, 1967, of the wordmark WEIGHT WATCHERS for "scales," broadly, meaning weighing scales. The date of first use stated in the registration is June 8, 1965. We reverse.

Familiarity with the board's published opinion will be assumed for a knowledge of many of the factual details giving rise to this proceeding. Briefly, appellee, Weight Watchers International, Inc., is a well-known organization in the business of helping overweight people to lose weight and to maintain their weight losses and is engaged in a variety of activities related thereto in connection with which it uses WEIGHT WATCHERS to identify its franchising operations, services, products, a magazine, cookbooks, and award pins. One of its products has been small food scales, resembling postage scales with a one-pound capacity, of which it has sold 2,500,000 or more through its classrooms at a price of from $2.00 to $3.50 each.

Appellant, Continental Scale Corporation, since long prior to the beginning of appellee's activities in 1963, has been a manufacturer of scales such as doctors', hospitals', clinics', baby, and bath scales. Its principal company brand name is "Health-O-Meter." The board found as facts that (footnotes omitted):

In connection with its "HEALTH-O-METER" bath scales, petitioner since

at least as early as 1956 has continuously used the slogan "America's Weight-Watcher Since 1919", which is normally shown together with the representation of a guardsman standing beside a guardhouse and a castle or tower. This slogan appears in much of petitioner's literature and advertising and to some lesser extent on displays used in association with the scales at point-of-sale. * * * In addition to the slogan in question, petitioner has over the years used such expressions in its advertising as "America's Original Weight-Watcher In 1919" and "Keep your eye on America's Weight-Watchers . . ."

In addition, petitioner has in the past made such statements in its literature as "Here is a brand new aid for weight watchers"; and "A Tip . . to Weight Watchers".

Eventually, the inevitable clash occurred between the parties. Appellee was the first to complain, upon hearing, through one of its franchisees, of an advertisement of an exercise machine with which a scale of appellant's manufacture was being given away as a premium. The advertisement referred to it as a "Weight Watcher" scale. This led to complaint, investigation, the piecemeal discovery of facts by officers of and counsel for both parties, and to this and other proceedings. Appellee's initial complaint was based on the likelihood of confusion it thought would exist if appellant continued to use the term "Weight-Watcher" in connection with the sale of its scales.

The correspondence between the parties or their attorneys stimulated appellant to file an application to register its slogan, and the examiner refused registration thereof because of appellee's registration. Thereafter, appellant brought this petition to cancel. Both parties took the testimony of several witnesses and introduced numerous exhibits.

After its discussion of the facts, the board's opinion preliminarily concludes as follows:

There can be no doubt but that petitioner has established that it is the prior user of its slogan both in its advertising and on its goods, and since the products here involved are both weighing scales no distinction can be drawn between the goods.

With those conclusions we agree. The board then commented that "weight watcher" in appellant's slogan is a highly *suggestive* term in connection with weighing scales and had sometimes been used by appellant in a descriptive sense. It concluded its opinion as follows:

Considering the nature of the words "WEIGHT WATCHER", that there has been no actual confusion to date resulting from the use of respondent's registration and petitioner's slogan in its entirety; and that the parties do not strenuously urge that there would be such a likelihood of ˙ confusion or mistake, it is concluded that a likelihood of confusion or mistake would not be likely when respondent applied its mark to scales.

We do not agree either with the conclusion or with the stated reasons for reaching it.

As to the nature of the words WEIGHT WATCHER or the equivalent, WEIGHT WATCHERS, they may well be suggestive when applied to scales but, as we. have often pointed out and as is very well understood, suggestive words may be and frequently are very good trademarks. Certainly appellee thinks its WEIGHT WATCHERS is a good trademark for scales, as is evidenced by its insistence that its registration should not be cancelled.

We shall take the board's loose reference to "the use of respondent's registration" as intending to refer to the use of the *mark* registered by appellee, which use has been concurrent with appellant's use of its slogan. The board's statement that "there has been no actual confusion to date" is, of course, an impossible statement to make because it asserts as fact that which cannot be known. All the board could have meant was that there is no evidence of any actual confusion in the record. However, the record *does* show that as soon as appellee discovered that someone else was offering

to give away a WEIGHT WATCHER scale as a premium with an exercise machine, it lost no time in complaining that this would be likely to cause confusion and be an infringement on its rights. That was before appellee learned that appellant had been using those words in a slogan and that the slogan has been in use since long prior to the inception of appellee's business.

The board next suggests that "the parties do not strenuously urge that there would be such a likelihood of confusion or mistake." That is a somewhat strange proposition because not more than one party is likely to be so contending. Appellee, of course, having initially insisted on likelihood of confusion, changed its tune upon learning it was a relative newcomer in the use of the words WEIGHT WATCHERS or their equivalent in connection with weighing scales. Appellant, on the other hand, is certainly urging likelihood of confusion with all its might and main—which seems "strenuous" to us. The board perhaps had in mind a statement, quoted earlier in its opinion, by appellant's president in the early stages of the development of this case when he told appellee's attorney, "we see no conflict if you have registered or planned to register 'Weight Watcher' as your service mark." But that was before he knew about the registration sought to be cancelled, which is not for services but for scales.

■ Contrary to the board's final conclusion, we think that concurrent use of "America's Weight-Watcher since 1919" as a slogan-type trademark * on bath scales and WEIGHT WATCHERS on "scales," a description broad enough to include bath scales, would be likely to cause confusion or mistake. But that is not the end of the matter.

■ This is a cancellation proceeding. We agree with appellant that the issue is whether appellee is entitled to retain its registration of WEIGHT WATCHERS for scales *broadly* in light of the established *prior use* by appellant of its slogan as a trademark for and in advertising goods falling within the broad description in the registration. Section 7(b) of the Trademark Act (15 U.S.C. § 1057[b]) provides:

A certificate of registration of a mark upon the principal register provided by this chapter shall be prima facie evidence of the validity of the registration, registrant's ownership of the mark, and of *registrant's exclusive right to use the mark in commerce in connection with the goods* or services *specified in the certificate*, subject to any conditions and limitations stated therein. [Emphasis added.]

■ On the facts established in this case, we do not think appellee is entitled to the *exclusive* right to use WEIGHT WATCHERS in commerce (which means such commerce as Congress may regulate, § 45 of the Act (15 U.S.C. § 1127)) in connection with "scales." Appellant has an established right, superior in time to appellee's right, if any, to use its slogan "America's Weight-Watcher Since 1919" on scales. We think the rights given to appellee under its registration by § 7(b) are inconsistent with appellant's right.

■ There has been much argument on the question whether the words "Weight Watcher" in appellant's slogan are "dominant," entitling them to somewhat more weight than the other words in considering the over-all effect of the slogan as a whole on the minds of the public. We think they are dominant. "America's" and "Since 1919" are both modifiers of the central compound noun "Weight-Watcher," the latter constituting the central theme of the slogan and the only part that relates to the goods. The dominant part of a mark may be given extra weight on the issue of likeli-

* Although we find that appellant's slogan is a trademark, it is, of course, not necessary under § 2(d) of the Trademark Act of 1946 that appellant's slogan be a trademark for it to prevail in this proceeding. The evidence clearly shows extensive trademark use of the slogan since long prior to the inception of appellee's business and no abandonment.

hood of confusion, *American Drill Bushing Co.* v. *Rockwell Mfg. Co.*, 342 F.2d 1019, 52 CCPA 1173 (1965), and we think also on other issues involving conflicting rights of parties in a proceeding such as this one.

The decision of the Trademark Trial and Appeal Board dismissing appellant's petition to cancel Reg. No. 840,874 is *reversed.*

*Reversed.*

LANE, J., dissents.

