46 CCPA

**UNITED STATES TIME CORPORA-TION, Appellant,**

v.

**Jacob TENNENBAUM (Tennenbaum & Co., Telix Watch, assignee, substituted), Appellee.**

**Patent Appeal No. 6435.**

United States Court of Customs and Patent Appeals.

May 22, 1959.

Davis, Hoxie, Faithfull & Hapgood, New York City (John Hoxie, New York

City, Richard Whiting, Richard G. Wynne, Washington, D. C., of counsel), for appellant.

No appearance for appellee.

Before WORLEY, Acting Chief Judge, and RICH, MARTIN, and JOHNSON (retired), Judges.

WORLEY, Chief Judge.

As this appeal comes to us the issues have been reduced to the single question of whether appellee's mark so resembles that of appellant that their concurrent use on the goods of the respective parties would be likely to cause confusion or mistake or to deceive purchasers. The controversy arose when appellee, Jacob Tennenbaum,[1] a citizen of Switzerland, made application for registration of the mark "Telix" for use on watches and parts of watches manufactured in Switzerland and imported into this country for sale. The opposition by appellant was based on prior registration and use of its trademark "Timex" on clocks and watches. Appellee's efforts below to establish priority of use were unsuccessful. Since it does not appear that appellee has challenged that holding, or filed a brief or appeared for oral argument in this court, we accept it here.

The Commissioner, through the Assistant Commissioner, affirmed the examiner's holding that there were sufficient dissimilarities in the sound, appearance, and meaning of the respective marks as to preclude a likelihood of confusion. Appellant agrees there are certain dissimilarities, but strongly urges that they are outweighed by the similarities, at least to the extent of creating a doubt, and that such doubt should be resolved in favor of the first user rather than the newcomer. We are inclined to agree with that position.

The dissimilarities are obvious. They were summarized below as follows:

" 'Telix' does not look like 'Timex,' except that each begins with 'T' and ends with 'X'; 'Telix' does not sound like 'Timex'; and while 'Timex' has a strong suggestiveness when applied to watches, 'Telix' has none; nor does 'Telix' suggest 'Timex.' "

We appreciate those differences, but are not convinced they are of such a sharp nature as to avoid a likelihood of confusion. True, the words do not look alike *except* that, as observed below, they begin and end with the same letters, "T" and "x." When, as here, two marks contain only five letters, it seems to us that such an arrangement is just as likely to result in a similarity as in a pronounced dissimilarity. True, also, that *except* for the "T" and "x" sounds, the words do not sound alike. We agree that "Timex," when applied to watches, has a strong suggestiveness, assuming, which we think would normally be the case, the average purchaser pronounces the word with a long "i" as in "time;" if, however, it is pronounced with a short "i," the suggestive nature of the word disappears. We agree that "Telix" has no such suggestiveness nor does it suggest "Timex." Turning to their similarities, they both begin with the letter "T" and end in "x;" they both contain the same number of letters; they both contain the same number of syllables. We are not quite satisfied that when the competing marks are placed on identical goods and viewed in their entirety their differences are of so clear and positive a nature as to preclude the likelihood of confusion we think Congress intended the statute to prevent.

We respect the reasoning and conclusions below and reverse only on the well-established principle of trademark law of resolving doubt in favor of the first user who, here, as shown by the record, has over a long period spent considerable time and money in establishing and promoting its mark. The newcomer is free to choose another mark, but not one which comes so close to appellant's mark as we think is the case here.

Reversed.

JOHNSON, Judge, retired, recalled to participate.

---

[1]. Application of Tennenbaum has been assigned to appellee, Tennenbaum & Co., Telix Watch.