48 CCPA

**OMEGA LOUIS BRANDT & FRERE, S. A., Appellant,**

v.

**SIMON GOLUB & SONS, INC., Appellee.**

**Patent Appeal No. 6705.**

United States Court of Customs and Patent Appeals.

July 21, 1961.

Rehearing Denied Oct. 24, 1961.

Worley, C. J., and Rich, J., dissented.

Chauncey P. Carter, Washington, D. C., for appellant.

Albert H. Kirchner, Washington, D. C., for appellee.

1. United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate in place of Judge O'Connell, pursuant to provisions of Section 294(d), Title 28 United States Code.

Before WORLEY, Chief Judge, and RICH, MARTIN, and SMITH, Associate Judges, and Judge WILLIAM H. KIRKPATRICK.[1]

SMITH, Judge.

Appellant opposes registration of the mark "Omichron" by appellee.[1] From a decision of the Trademark Trial and Appeal Board dismissing the opposition (125 USPQ 351) appellant appeals. Appellant's mark is "Omega." Appellee's mark is for "Watches" and appellant's mark is for "Watch-Movements and Watchcases"[2] and for "Watches and Parts Thereof."[3] The goods being in part identical, the single issue here is whether applicant's mark so resembles opposer's registered mark as to be likely when applied to applicant's watches "to cause confusion or mistake or to deceive purchasers."

Appellant urges in its brief that the marks being used on identical goods are likely to cause confusion or mistake or to deceive purchasers because:

"A. Both marks are 3-syllable marks.

"B. The first 2 letters of each mark are OM.

"C. The first syllable of each mark may be pronounced identically and are identical except for the substitution of the vowel 'i' for the vowel 'e'.

"D. The last syllable of the appellee's mark is admittedly the Greek word for TIME which is generic as to timepieces as, for instance in CHRONOGRAPH and CHRONOMETER.

"E. Appellant's mark is the name of a Greek letter and so far as the record shows is the only name of a Greek letter in use as a trademark for watches or other timepieces.

"F. Appellee's mark is—except for a silent 'h'—identical with the

1. Serial No. 39,058 filed Oct. 17, 1957.

2. Reg. No. 25,036, issued July 24, 1894; twice renewed.

3. Reg. No. 566,370 issued Nov. 4, 1952.

name of another Greek letter. Such other Greek letter is the equivalent of the 'o' in 'obey' whereas appellant's Greek letter is the equivalent of the 'o' in 'tone' and these two Greek letter names resemble each other more in appearance, sound, meaning, and phonetic value than either resembles any other Greek letter name (R. 23).

"G. Both appellant's and appellee's watches are made in Switzerland.

"H. Appellant's trademark is admitted by appellee to be one of the best known watch trademarks in the world so that appellee must have had knowledge of same when it adopted its mark.

"I. There is no evidence as to the minimum price of appellant's watches under $100.00 and none whatsoever as to the price of appellee's watches.

"J. Both parties use the marks on the dials of small wrist watches in very small type and in association with the word SWISS.

"K. Appellant features OMEGA CHRONOMETER watches which facilitates substitution of an OMICHRON watch."

We have considered each of the reasons advanced by appellant but are of the opinion that the mark OMICHRON (and its substantial equivalent, the Greek word "Omicron") have nothing in common with appellant's mark OMEGA except that:

"1. Both have three syllables.

"2. Both begin with the letters OM.

"3. Both are the names of Greek letters.

"4. The English letter equivalent 'O' is used as the initial letter in both marks although this letter is pronounced differently in the two words, Omega employing the long 'O' and Omicron employing the short 'O.'"

We have given full consideration to the similarities involved but think the only ground of alleged similarity which requires discussion here is that based on the contention that the two marks are likely to be confusing because both are, for practical purposes, the names of letters of the Greek alphabet.

We agree with appellee's answer to this contention, as stated in its brief in the form of an argument of a dilemma, as follows:

"1. All persons to whom the respective marks are addressed by the parties to this proceeding are either aware that OMEGA and OMICRON are the names of Greek letters or they are not aware of this fact.

"2. If they are aware of this fact they will necessarily know that OMICRON and OMEGA are *different* letters of the Greek alphabet.

"3. If they are not aware of this fact, it is immaterial to them that the two words are the names of Greek letters and the two words are merely names,—names of unknown meaning, probably arbitrary, coined words, performing the function of technical trademarks indicating the origin of watches bearing them, having nothing in common except that both begin with OM and both have three syllables."

We agree with appellee that the persons of the first group, those who know that OMEGA and OMICRON are the names of two different Greek letters are not likely to be confused or deceived because they know the difference between the two words.

The persons of the second, and probably larger group, would find nothing in common in the two names except the initial OM of both and the presence of three syllables in each.

We should also consider another, and possibly larger class of persons, those who do not know Greek. As to this class, we think the names taken as wholes do not look alike, sound alike·or convey a meaning such that the use of "Omichron" on

appellee's goods would be likely to cause confusion or mistake or deception of purchasers within the meaning of Section 2(d) of the Lanham Act, 15 U.S.C.A. § 1052(d).

One final point of significance in the comparison of OMICHRON and OMEGA is that inasmuch as the suffix CHRON suggests time, as appellant argues, it seems to us that fact helps to distinguish OMICHRON from OMEGA in the minds of those to whom the time suggestiveness of CHRON would be evident. Such persons would find in OMICHRON a suggested meaning they would not find in OMEGA. We think this suggests the substantial differences in psychological impression which would be created by the two names.

We therefore agree with the Trademark Trial and Appeal Board that:

"These marks, however neither look nor sound alike; and while to some persons informed in such matters applicant's mark will suggest the Greek letter Omicron, it is believed that such persons would readily distinguish between it and the Greek letter Omega. It is concluded, therefore, that there is no reasonable likelihood of confusion or mistake or deception of purchasers",

For the foregoing reasons, we *affirm* the decision of the Trademark Trial and Appeal Board.

Affirmed.

WORLEY, Chief Judge, with whom RICH, Judge, joins (dissenting).

When one seeks to enter and compete in an established market, great care should be exercised in steering clear of the established marks therein, thus avoiding the likelihood of confusion, mistake or deception contemplated by Section 2 (d) of the Lanham Act, especially where the goods of the respective parties are *identical*, as they are here.

While I appreciate both the similarities of the competing marks stressed by the opposer, and the dissimilarities stressed

by the applicant, I am of the opinion that concurrent use of "OMEGA" and "OMICRON" on watches would be likely to result in that degree of confusion prohibited by Section 2(d). At least doubt on that point should be resolved in favor of the established owner and against the newcomer. United States Time Corp. v. Tennenbaum (Tennenbaum & Co., Telix Watch, assignee, substituted), 267 F.2d 327, 46 CCPA 895.