54 CCPA

**DAN RIVER MILLS, INCORPORATED,**
Appellant,

v.

**PREBEN MIKAEL AERENDAL MIK-
KELSEN, d.b.a. Dansk Form,**
Appellee.

**Patent Appeal No. 7763.**

United States Court of Customs
and Patent Appeals.

March 9, 1967.

Eugene Sabol, Washington, D. C., for
appellant.

Lester Horwitz, Bronx, N. Y., for appellee.

Before WORLEY, Chief Judge, and
RICH, SMITH, and ALMOND, Judges.

WORLEY, Chief Judge.

Relying on prior use and registration
of numerous trademarks,[1] particularly
"Danstorm," used on various types of
fabrics, Dan River Mills seeks cancellation
of "Dansk Form," also used on fabrics,
from the Supplemental Register.[2]
The Trademark Trial and Appeal Board,
one member dissenting, dismissed the petition,
145 USPQ 295.

In support of its petition, appellant argued
below that it has widely and extensively
promoted its various marks and
the word "Dan," alone and in combination
with other word portions, all in close
association with its trade name "Dan
River Mills, Inc." to such an extent that
it has acquired a secondary meaning in
the word portion "Dan;" thus when
"Dan," alone or in combination with
other words, is applied to textile fabrics
they are so associated in the minds of the
purchasing public with products manu-
factured by and originating from ap-
pellant; that purchasers encountering
appellee's fabrics containing the prefix
"Dan" will be confused, misled and de-
ceived, and will mistake appellee's goods
for those of appellant.

In disposing of those arguments, the
board stated:

In the instant case, a perusal of
petitioner's long list of registered
trademarks reveals that petitioner, in
formulating product marks, has gener-
ally followed a practice of combining
"Dan" with highly suggestive or de-
scriptive terms as evidenced by such
marks as "Dan-Dye", "Danstorm",
"Dansport", "Danfit", "Dansheer",
"Danset" and "Danflek". Respond-
ent's mark, however, does not fall
within this pattern. Considering re-

---

1. "Dan River," "Dan Star," "Danstar,"
   and "Dansport."

2. Reg. No. 744,574, issued Jan. 29, 1963,
   on an application filed Jan. 26, 1960, based
   upon ownership of Danish Reg. No. 1266–
   1958, dated July 5, 1958.

spondent's mark as a whole, it seems clear that the term "Dan" is merely a portion of a unitary term, "Dansk Form", which creates a commercial impression signally different than "Dan", per se, or petitioner's pleaded registered marks. Respondent's mark immediately suggests or describes its goods as being of Danish form or style rather than as products produced by or emanating from petitioner.

We find nothing in the record or the decisions [3] relied on by appellant to convince us that the board erred in holding as it did. Granted the obvious similarities here, as is generally true in such appeals, we think that when the marks are viewed in their entirety on the respective fabrics, their differences will preclude the likelihood that purchasers will be confused, misled or deceived as to the source of the goods.

The decision is affirmed.

Affirmed.

3. In The United States Time Corp. v. Tennenbaum, 267 F.2d 327, 46 CCPA 895, the marks were Timex and Telix—not Tilex, as appears in appellant's brief.