54 CCPA

**SLIMAKER DRESS CORPORATION,**
**Appellant,**

v.

**WARDROBE MAKER, INC., Appellee.**

**Patent Appeal No. 7799.**

United States Court of Customs
and Patent Appeals.

May 25, 1967.

Atkins, Law & McMorrow, James Atkins, Russell L. Law, Robert G. McMorrow, Washington, D. C., for appellant.

Joseph Zallen, Boston, Mass., for appellee.

Before WORLEY, Chief Judge, RICH, SMITH and ALMOND, Judges, and Judge WILLIAM H. KIRKPATRICK.*

* Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

ALMOND, Judge.

Slimaker Dress Corporation appeals from the decision of the Trademark Trial and Appeal Board dismissing its opposition to application serial No. 121,952, filed June 13, 1961, by Wardrobe Maker, Inc., to register SLIMLINER for women's and girls' pants and shorts. Appellant asserts prior and continuous use of SLIMAKER as a mark for women's dresses and as the dominant and distinguishing feature of its trade name, and ownership of Registration No. 525,995 covering said mark.[1]

Neither party took testimony. Appellant relies upon its registration, supra. Appellee submits on the record.

The record is clear that prior use of the mark SLIMAKER resides with appellant and that the goods here involved are women's outer wearing apparel, and supports the conclusion of the board that they "would be assumed to originate with a single producer if sold under the same or [confusingly] similar marks."

The sole issue is, as stated by appellant:

Does SLIMLINER as applied to women's and girls' pants and shorts so resemble opposer's previously used and registered trademark SLIMAKER for [women's] dresses * * * as to be likely to cause confusion, or to cause mistake, or to deceive? [Section 2(d), Trademark Act of 1946, as amended, 15 USC 1052(d).]

In dismissing the opposition, the board held that while the marks "bear some resemblance in view of the use in common of the word 'slim' as a prefix," yet when considered in their entireties together with the suggestive nature of the term "slim" they "differ sufficiently in sound, appearance and meaning so as to preclude a likelihood of confusion."

We do not agree. Our conclusion is predicated on the facts and circumstances shown by the record that the goods of the parties are so closely related as to be virtually identical; they have the same out-

lets of trade distribution; and they would normally be sold in the same store sections to the same class of purchasers to be used for similar purposes. The prefix of the competing marks, "SLIM," is identical, the only difference residing in the suffixes "LINER" and "MAKER," which end in the same two letters. Taking the marks in their entireties, they would most likely suggest to the purchaser that the apparel when worn would tend to give the wearer a slimmer appearance. In substance, we think that the suffixes do not support a distinguishing connotation, but rather indicate a complement in a verbal sense to show capability to do what the prefix indicates, that is, to make one slim or to provide one with slim lines, a fashionable streamlined appearance.

It is our conclusion, therefore, that the marks SLIMAKER and SLIMLINER, when applied to items of women's outerwear which normally emanate from similar sources under circumstances indicated by this record, are so similar in appearance and meaning as to be likely to cause confusion, or to cause mistake, or to deceive within the purview of section 2(d) of the Trademark Act of 1946.

The decision of the board is reversed.

Reversed.

WORLEY, Chief Judge (concurring).

This is a close question. My agreement with the majority is based on our established principle of resolving doubt in favor of the first user and against the newcomer. See United States Time Corp. v. Tennenbaum (Tennenbaum & Co., Telix Watch, assignee, substituted), 267 F.2d 327, 46 CCPA 895.

SMITH, Judge (concurring).

When considered as wholes in relation to the goods to which they are applied, the marks "Slimaker" and "Slimliner" are sufficiently similar in sound, appearance and meaning that there is a likelihood of confusion as to the origin of the

---

1. Issued June 6, 1950 to Slimaker Dress Corporation, Inc., a corporation of Kansas

goods upon which they are applied. The goods are closely related, are sold to the public through the same trade outlets, and are sold to the same classes of purchasers to be used for similar purposes. Under these circumstances, I concur in the result reached by the majority.