55 CCPA

**PRODUCTION AND MARKETING COMPANY and Selchow & Righter Company, Appellants,**

v.

**E. S. LOWE COMPANY, Inc., Appellee.**
**Patent Appeal No. 7914.**

United States Court of Customs
and Patent Appeals.
March 7, 1968.

F. M. deRosa, Watson, Cole, Grindle & Watson, Washington, D. C., for appellants.

David B. Kirschstein, Morris Kirschstein, Kirschstein, Kirschstein & Ottinger, New York City, for appellee.

Before WORLEY, Chief Judge, and RICH, SMITH, ALMOND and KIRKPATRICK,[*] Judges.

WORLEY, Chief Judge.

Relying on undisputed prior use and registration of the trademark "SCRABBLE"[1] for "Game Including Board and Playing Pieces," Production & Marketing Co. opposes the application of Lowe Co., Inc. for registration of "SCRIBBAGE" for "equipment sold as a unit for playing a word game."

In dismissing the opposition, the Trademark Trial and Appeal Board stated:

> Since opposer's priority of use is not disputed, this case turns solely on whether or not the resemblances between the marks here involved are such as to be likely, when applied to crossword games, to cause confusion or mistake or to deceive.
>
> \* \* \* \* \* \*
>
> The marks "SCRABBLE" and "SCRIBBAGE" do not look alike, they do not sound alike, and neither has any suggestive meaning, unless it can be said that the latter would be likely to suggest the card game cribbage. In view thereof, it is concluded that the contemporaneous use of these marks is not reasonably calculated to cause confusion or mistake or to deceive.

Here appellant agrees that "SCRABBLE" and "SCRIBBAGE" obviously have certain dissimilarities, but urges that, when viewed in the market place, their similarities are entitled to greater weight than accorded them by the board, and that doubt should be resolved in favor of the first user, relying on The United States Time Corp. v. Tennenbaum (Tennenbaum & Co., Telix Watch, assignee, substituted), 267 F.2d 327, 46 CCPA 895 (1959).

There this court stated:

> \* \* \* We appreciate those differences, but are not convinced they are of such a sharp nature as to avoid a likelihood of confusion. True, the words do not look alike except that, as observed below, they begin and end with the same letters, "T" and "x". When, as here, two marks contain only five letters, it seems to us that such an arrangement is just as likely to result in a similarity as in a pronounced dissimilarity. \* \* \*
>
> \* \* \* \* \* \*
>
> We respect the reasoning and conclusions below and reverse only on the well-established principle of trademark law of resolving doubt in favor of the first user who, here, as shown by the record, has over a long period spent considerable time and money in establishing and promoting its mark. The newcomer is free to choose another mark, but not one which comes so close to appellant's mark as we think is the case here.

The instant marks are both applied to word games sold at relatively inexpensive prices through the same channels of trade to common purchasers. It seems to us that the similarities between "SCRABBLE" and "SCRIBBAGE" are such as to be likely to cause confusion or mistake or to deceive.

With due regard to the specific differences in the marks and goods pointed out by appellee, we feel obliged to resolve the doubt raised by the record in favor of the first user. Accordingly, the decision is *reversed*.

*Reversed.*

---

[*] Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

1. Reg. No. 524,505, issued Apr. 25, 1950; Reg. No. 589,217 issued Apr. 27, 1954; Reg. No. 600,016, issued Dec. 28, 1954; and Reg. No. 617,871, issued Dec. 20, 1955.