59 CCPA

**BULOVA WATCH COMPANY, Inc.,**
**Appellant,**

v.

**Albert J. MILLER, Appellee.**

**Patent Appeal No. 8749.**

United States Court of Customs
and Patent Appeals.

Aug. 17, 1972.

---

Donald A. Kaul, Washington, D. C., attorney of record, for appellant; Roylance, Abrams, Berdo & Kaul, Washington, D. C., of counsel.

Roberts B. Larson, Arlington, Va., attorney of record, for appellee; Larson, Taylor & Hinds, Arlington, Va., of counsel.

Before RICH, Acting Chief Judge, ALMOND, BALDWIN, and LANE,

Judges, and CLARK, Justice (Ret.), United States Supreme Court, sitting by designation.

CLARK, Associate Justice.

Bulova Watch Company, Inc. (Bulova), appellant, seeks to prevent Albert J. Miller (Miller), appellee, from registering the trademark UNITRON for "watches and clocks" [1] on the grounds that it so resembles Bulova's registered trademark ACCUTRON for watches as to be likely, when applied to Miller's goods, "to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1052(d). On a Joint Stipulation of Facts, with certain Exhibits, the Trademark Trial and Appeal Board [2] found that Bulova's ACCUTRON mark and Miller's UNITRON mark "viewed in their entireties * * * do not look alike or sound alike or have similar connotations." Accordingly, the board found no likelihood of confusion or mistake, and dismissed the opposition. We agree with the board and affirm its decision.

Bulova registered its ACCUTRON trademark in 1960, some five years before Miller's application date. Bulova's use and promotion of its mark are set out in Bulova Watch Co., Inc. v. Waltham Watch Co., 408 F.2d 1062, 56 CCPA 1048 (1969). It appears from the factual recitation in that opinion, and the Joint Stipulation filed here, that Bulova sold about $75 million of ACCUTRON watches during the period 1960–1968. During that period it also expended some $11 million in promoting the sale of the ACCUTRON.

Both of the ACCUTRON and UNITRON marks here are identified with a particular type of watch, i. e., an electronic one. ACCU, Bulova says, suggests "accuracy" and the commonly used suffix TRON means "through electronics." Analyzing Miller's UNITRON in a

---

1. Appearing in application serial No. 222,-180, filed June 28, 1965, claiming priority of a Canadian application filed in April 1965.

2. Opinion abstracted at 164 USPQ 64.

like manner, we have the prefix UNI which the dictionary gives the meaning "one" and the identical suffix TRON connoting "through electronics." Miller claims his mark's prefix UNI suggests the manner in which his watch indicates the time in units through small windows on the face of the watch rather than in the conventional manner around the edge of the face by the use of "hands." The common meaning, as well as the connotation, of the two marks is entirely different.

The Trademark Trial and Appeal Board has written a very concise and erudite opinion in this case in which it points out that there is no issue as to the priority of use or the type of goods involved here. Bulova's ACCUTRON is prior and both marks are used on electronic watches. Nor is the applicable standard in dispute; i. e., that the marks must be viewed in their entireties in determining the likelihood of confusion. The board found that the suffix "TRON" is a dictionary term, and is somewhat suggestive when applied to horological devices as it often has been in the past as shown by several third party registrations of record. It concluded that any similarity would not be such as to lead to confusion or mistake or deception. We place great weight on the board's findings.

Bulova urges that the case is controlled by Bulova Watch Co., Inc. v. Waltham Watch Co., supra. We think not. The marks there involved were "ACCUTRON" and "AUTOCHRON." They have a marked resemblance in sound as well as in form that is not present in UNITRON and ACCUTRON. What the court did there, where there was serious doubt of dissimilarity present, was to apply the well-established principle of trademark law of resolving the doubt in favor of the first user. Here, there being no doubt, that rule has no application. Nor is the TIMEX–TELIX principle of United States Time Corp. v. Tennenbaum, 267 F.2d 327, 46 CCPA 895 (1959) apposite. As

the court pointed out therein, the marks "both begin with the letter 'T' and end in 'x;' they both contain the same number of letters; they both contain the same number of syllables." Here the words look different, as they begin with different letters and contain a different number of letters. In pronunciation the words are of entirely different sound and have different connotations. As the board said, UNITRON and ACCUTRON just do not look alike, sound alike or connote alike.

The dismissal of the opposition is therefore affirmed.

Affirmed.